UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MCNIDER MARINE, LLC and
JOHN BRUCE MCNIDER,
    Plaintiffs,

v.    Case No. 8:17-cv-2561-T-24 JSS

CAIN & DANIELS, INC., ROBERT
KOLODNER and MAX LORA,
    Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiffs' Motion for Partial Summary Judgment. (Doc. No. 40). Defendants oppose the motion.[1] (Doc. No. 50). As explained below, the motion is denied.

### I. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. (citation omitted). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate

---

[1] Plaintiffs also seek leave to file a reply brief to address Defendants' alleged "false statements." (Doc. No. 51). However, such a filing will not overcome the genuine issues of material fact that exist, and as such, the Court denies Plaintiffs' request to file a reply brief.

specific facts showing there is a genuine issue for trial.  See id. (citation omitted).

## II.  Background

Plaintiffs McNider Marine, LLC ("McNider Marine") and John Bruce McNider ("Mr. McNider") owed Wells Fargo approximately $334,000.  (Doc. No. 50-1, p. 2).  Defendant Cain & Daniels ("C&D") provides debt settlement services, and Defendant Robert Kolodner is the sole principal of C&D.  Defendant Max Lora provides debt negotiating services on behalf of C&D.

Defendants sent Plaintiffs documents stating that C&D could cut their debt to about half and that C&D would not charge Plaintiffs anything unless C&D obtained a satisfactory settlement for them.  Plaintiffs contend that C&D did not reduce their Wells Fargo debt by about half (or at all).  Furthermore, Plaintiffs contend that there was no settlement of Wells Fargo's claim, yet C&D insists that Plaintiffs pay C&D for its services.

As a result, Plaintiffs assert four claims in this lawsuit.  (Doc. No. 49).  Plaintiffs assert the following three claims against all three defendants: (1) violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"); (2) violation of Alabama's Deceptive Trade Practices Act; and (3) fraudulent inducement.  Additionally, McNider Marine asserts a breach of contract claim against C&D.

## III.  Motion for Partial Summary Judgment

In the instant motion, Plaintiffs seek partial summary judgment as to two of their claims (FDUTPA and breach of contract) against two of the defendants (C&D and Kolodner).  As explained below, genuine issues of material fact exist that preclude summary judgment on these claims.

**A. FDUTPA Claim**

Plaintiffs move for summary judgment as to liability on their FDUTPA claim against C&D and Kolodner. FDUTPA declares the following unlawful: "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). In order to succeed on a FDUTPA claim,[2] Plaintiffs must establish the following: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." Carriuolo v. General Motors Co., 823 F.3d 977, 983 (11th Cir. 2016)(citation omitted).

Plaintiffs argue that C&D's representation that it could cut Plaintiffs' debt to about half was false and without any basis in fact, and therefore, the representation was a deceptive act or unfair practice. In support of their contention that the evidence shows that there was no factual basis for C&D's representation, Plaintiffs point to Kolodner's deposition testimony, in which he fails to provide any documentary support (or any detailed explanation to support) C&D's assertion that it can reduce a debtor's debt to about half. (Doc. No. 40-1).

In response, Defendants point to the following portions of Kolodner's deposition testimony: When asked whether C&D, prior to making the representation after its first year in business, pulled every client file and researched whether C&D was able to reduce each client's debt by about half, Kolodner responded, "Yes." (Doc. No. 40-1, depo. p. 35–36). Kolodner then

---

[2]In order for Kolodner to be individually liable for FDUTPA violations, Plaintiffs must establish that he: "(1) participated directly in the deceptive acts or practices; or (2) possessed the authority to control them; and (3) had some knowledge of the practices." Federal Trade Commission v. Student Aid Center, Inc., 2016 WL 10719950, at *7 (S.D. Fla. 2016)(citations omitted). Kolodner admitted during his deposition that it was his idea to market to potential clients that C&D could reduce their debt by about half. (Doc. No. 40-1, depo. p. 34).

3

stated that during subsequent years, Dylan Billmaier researched the results of C&D's debt reduction efforts. (Doc. No. 40-1, depo. p. 37). When asked what the average debt reduction C&D obtained for its clients in the year prior to making the representation to Plaintiffs, Kolodner responded, "[a]bout half." (Doc. No. 40-1, depo. p. 42–43).

Upon consideration, the Court finds that Kolodner's testimony creates a genuine issue of material fact regarding whether C&D's "about half" representation was false and/or without any basis in fact. While the Court acknowledges that Kolodner never provides any specific figures, reports, or other documents to support the "about half" representation, that alone is not a sufficient basis to disregard Kolodner's testimony. To do so, the Court would be improperly weighing Kolodner's credibility. Accordingly, the Court denies Plaintiffs summary judgment on this claim.

### B.  Breach of Contract Claim

McNider Marine moves for summary judgment on its breach of contract claim against C&D. Specifically, McNider Marine contends that the agreement it entered into with C&D provided: "**There will be no ($0.00) cost to the Debtor if a settlement has not been reached between the parties.**" (Doc. No. 1-2). However, the undisputed evidence before the Court is that C&D came into possession of $6,200 belonging to Plaintiffs (due to C&D's involvement in another matter for Plaintiffs), and C&D has not returned the money to Plaintiffs. Thus, McNider Marine contends that C&D breached their contract by charging McNider Marine for C&D's services in the Wells Fargo matter by retaining the $6,200 and applying it to the amount C&D contends that McNider Marine owes C&D in connection with the Wells Fargo matter.

C&D responds that Mr. McNider requested that the money be retained by C&D in escrow

4

for future use. (Doc. No. 50-1, p. 1–2). Additionally, C&D states that the $6,200 remains in escrow for use as directed by Plaintiffs. (Doc. No. 50-1, p. 3).

Based on the above, the Court finds that there is a genuine issue of material fact regarding whether C&D retained the $6,200 as payment towards its services in the Wells Fargo matter or whether it is simply holding the money in escrow for Plaintiffs. Accordingly, the Court denies Plaintiffs summary judgment on this claim.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiffs' Motion for Leave to File a Reply Brief (Doc. No. 51) is **DENIED**.

(2) Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 40) is **DENIED**.

(3) The deadline for filing motions in limine is *December 17, 2018*. Each party may file *one* motion in limine containing all of their arguments in a single document not to exceed 25 pages. Responses thereto must be filed by *December 31, 2018*.

(4) The parties must file their joint pretrial statement by *January 3, 2019.*

**DONE AND ORDERED** at Tampa, Florida, this 25th day of October, 2018.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record