UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MCNIDER MARINE, LLC and
JOHN BRUCE MCNIDER,
         Plaintiffs,
v.                                        Case No.  8:17-cv-2561-T-24 JSS

CAIN & DANIELS, INC., ROBERT
KOLODNER and MAX LORA,
         Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants' Motion for Remittitur. (Doc. No. 88).

Defendants' motion addresses the amount of damages that the jury awarded on Plaintiffs' Florida

Deceptive and Unfair Trade Practices Act ("FDUTPA") and breach of contract claims. Plaintiffs

oppose the motion. (Doc. No. 91). As explained below, the motion is granted.

## I.  Standard of Review

Defendants seek an order of remittitur in this case. In analyzing this motion, the Court is

cognizant of the following:

> Although federal courts have no general authority to reduce the
> amount of a jury's verdict, pursuant to Rule 59(a)(1) [of the Federal
> Rules of Civil Procedure], a court that finds a jury's verdict excessive
> may order a new trial unless the plaintiff agrees to remit a portion of
> the jury's award. Where, as here, a federal district court sits in
> diversity, the court looks to state substantive law to determine
> whether the verdict is excessive. Motions for remittitur under Florida
> law are governed by [Florida Statute § 768.74(5)] . . . .

Gray v. R.J. Reynolds Tobacco Co., 2017 WL 6559115, at *3 (M.D. Fla. Oct. 26,

2017)(quotation marks and internal citations omitted). Florida Statute § 768.74(5) provides the

following:

> In determining whether an award is excessive or inadequate in light of the facts and circumstances presented to the trier of fact and in determining the amount, if any, that such award exceeds a reasonable range of damages or is inadequate, the court shall consider the following criteria:
>
> (a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact;
>
> (b) Whether it appears that the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating to the amounts of damages recoverable;
>
> (c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation and conjecture;
>
> (d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered; and
>
> (e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.

Fla. Stat. § 768.74(5).  Furthermore:

> Florida's remittitur statute does not alter the longstanding principles governing a trial court's deference to a jury's assessment of damages. Specifically, in Florida it is well-established that a jury's verdict should not be disturbed unless it is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate.  For a verdict to be found to be against the manifest weight of the evidence, the evidence must be clear, obvious, and indisputable.

Gray, 2017 WL 6559115, at *3 (quotation marks and internal citations omitted).  "The party claiming an excessive verdict bears the burden to prove that the amount is not supported by the evidence . . . ."  Subaqueous Services, Inc. v. Corbin, 25 So.3d 1260, 1268 (Fla. 1st DCA 2010).

## II.  Background

Plaintiffs McNider Marine, LLC and John Bruce McNider owed Wells Fargo approximately $334,000.  Defendant Cain & Daniels ("C&D") provides debt settlement services,

and Defendants Robert Kolodner and Max Lora provide services on behalf of C&D. Defendants sent Plaintiffs documents stating that C&D could cut their debt to about half and that C&D would not charge Plaintiffs anything unless C&D obtained a satisfactory settlement for them. C&D did not reduce Plaintiffs' Wells Fargo debt by about half, yet C&D insisted that Plaintiffs pay C&D for its services.

As a result, three of Plaintiffs' claims went to the jury: (1) a claim for violation of FDUTPA against all three of the defendants; (2) a fraudulent inducement claim against all three of the defendants; and (3) a breach of contract claim against C&D.

The jury heard two days of evidence, during which there was conflicting evidence regarding the exact amount that C&D claimed that Plaintiffs owed for C&D's services. However, it is undisputed that the only money that could arguably have been ***actually paid*** by Plaintiffs for C&D's services for the Wells Fargo matter was the $6,200 that John McNider had previously paid to C&D on an unrelated matter, which C&D retained as payment towards the Wells Fargo matter.

During Plaintiffs' closing arguments on the third day of trial, Plaintiffs asked the jury to find that C&D breached their contract and to find that the damages for the breach were $6,200. Also during their closing, Plaintiffs asked the jury to award them $6,200 in damages on their FDUTPA claim. Plaintiffs pointed to the same $6,200 retained by C&D as damages for both the breach of contract and FDUTPA claims.

The jury returned a verdict in favor of Plaintiffs on all three counts. (Doc. No. 83). The jury awarded Plaintiffs $100,000 in compensatory damages on their fraudulent inducement claim (plus $300,000 in punitive damages). The jury awarded McNider Marine $25,000 on its breach

of contract claim, and the jury awarded Plaintiffs $6,200 on their FDUTPA claim. Judgment was entered on February 21, 2019. (Doc. No. 84).

### III. Motion for Remittitur

On February 26, 2019, Defendants filed the instant motion for remittitur, in which they argue that the total amount of damages that could be awarded on either the breach of contract claim or the FDUTPA claim was $6,200. As such, Defendants argue that the Court should reduce the breach of contract damages from $25,000 to $6,200 (the amount retained by C&D). Then Defendants ask the Court to reduce the FDUTPA claim damages to zero, because any other amount would be duplicative of the breach of contract damages.

Plaintiffs respond that there was evidence before the Court that the Wells Fargo debt was initially $388,000, and C&D's fee was 8% of the debt, and therefore the amount C&D claimed to be owed was $31,040.[1] (Doc. No. 85-59). Therefore, Plaintiffs argue that the jury merely split the $31,040 in damages between two claims—$6,200 on the FDUTPA claim and $25,000 (due to rounding up) on the contract claim.

A remittitur order reducing a jury's award to the outer limit of the proof at trial is an appropriate remedy when the damage award exceeds the amount established by the evidence. See Long v. East Coast Waffles, Inc., 2019 WL 1091041, at *3 (11th Cir. March 8, 2019)(citation omitted). As explained below, the Court agrees with Defendants that the jury's award exceeds the outer limit of the proof at trial.

The undisputed evidence before the Court is that the only amount of Plaintiffs' money

---

[1]Kolodner also testified on the first day of trial regarding the original amount of the Wells Fargo debt.

actually received by C&D was the $6,200 that C&D retained from an unrelated matter and applied to their Wells Fargo fee. Even if C&D wanted to charge Plaintiffs a $31,000 fee, an award of damages in excess of the amount Plaintiffs actually paid ($6,200) would simply offset the amount that Plaintiffs actually owed C&D. As C&D did not assert a counterclaim for contractual damages, it is fair to say that Plaintiffs do not owe C&D any money for C&D's debt settlement services. Accordingly, the only damages warranted on the breach of contract claim is a return of the $6,200 paid by John McNider and retained by C&D to apply to its fee for the Wells Fargo matter. Any award of damages exceeding $6,200 would be a windfall for McNider Marine on its breach of contract claim and is not supported by the evidence at trial.

Furthermore, after reducing the breach of contract damages to $6,200, it is clear that the contract and FDUTPA damages are duplicative. Therefore, the Court finds that the total amount awarded on both the breach of contract and FDUTPA claims should be reduced to $6,200.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Defendants' Motion for Remittitur (Doc. No. 88) is **GRANTED**. The Court finds that the total amount awarded on both the breach of contract and FDUTPA claims should be reduced to $6,200.

(2)     Plaintiffs must file a notice with the Court by April 19, 2019 indicating whether they accept the remittitur.[2] If Plaintiffs fail to accept the remittitur by April 19, 2019, a new trial on damages will be ordered.

---

[2]If Plaintiffs accept the remittitur, the Court will direct the Clerk to amend the February 21, 2019 judgment in this case (Doc. No. 84) by replacing the last two sentences regarding damages with the following: "Judgement is entered in favor of Plaintiffs and against Defendants on both the breach of contract and Florida's Deceptive and Unfair Trade Practices Act claims in the total amount of $6,200."

**DONE AND ORDERED** at Tampa, Florida, this 27th day of March, 2019.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record